VIDAL APONTE, Plaintiff and Appellant, v. WORKMEN'S RELIEF COMMISSION, Defendant and Appellee.

No. 3860. Argued June 3, 1926.—Decided July 29, 1926.

Arturo Díaz Toro for the appellant. Hon. George C. Butte, Carlos Llauger Díaz and Emilio Aldrey for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Appellant Vidal Aponte applied to the Workmen's Relief Commission for compensation because of an injury to his left hand while cutting grass with a machete on a farm belonging to his employer, alleging that a part of his left arm was permanently disabled. He was denied such relief for lack of medical evidence tending to show that he was so dis-

abled, whereupon he appealed to the District Court of Ponce from that decision and prayed for relief to the amount of $2,000. . After trial the court dismissed the case because the plaintiff had not shown that his employer was covered by the Workmen's Compensation Act and because the plaintiff's strength had not been impaired, finding that he was not disabled and that his left hand was only relatively crippled, he being unable to bend the hand ten per cent and the thumb of said hand forty per cent, but that the flexion of the wrist was normal.

On appeal from that judgment the workman alleges that its first ground is erroneous because the Workmen's Relief Commission admitted in its answer that the employer was covered by the said Act, wherefore he had not to prove that point. This was error and it is so recognized by the appellee.

With this admission and some others, the issue between the parties is reduced to the question of whether as a consequence of the injury received that part of the left hand was permanently disabled. In this regard the evidence is conflicting. Two physicians were called by the plaintiff at the trial and testified that he is permanently disabled in the use of a part of his left hand, for though he is able to close his hand perfectly because its flexor tendons are normal, the extensor tendons of the thumb and second finger are severed and therefore he can not use as much strength as before. One of them said that the flexor tendon of the thumb can not function and that he can not straighten it because said tendon is severed. Another witness testified that the plaintiff is now working in cutting grass with a machete, but that he can not earn as much as others because he can not do as much work. On the other hand, one of the two physicians called by the defendant testified that the plaintiff can close his hand because the flexor tendons are complete and that he only tries to show partial disability in the flexion of his thumb; that he can grasp with his hand and that he is not

disabled because he can use his wrist, can close his hand and can handle any tool, and that he is in a position to state that he can do it and that if plaintiff had had any tendon severed he would have so stated to the Workmen's Relief Commission when he was treated. The other witness for the defendant testified that the plaintiff is permanently disabled ten per cent in the movement of his wrist and forty per cent in that of his thumb, and that he could not say whether the disability of the thumb was due to the wound in his wrist or to another wound in his thumb; that the tendon might have been severed by either wound and that the flexion of his wrist is unimpaired; that he can close his hand and bend and twist his wrist normally. At the trial the judge stated that he had noticed plaintiff could move, bend and twist his wrist as well as himself, and directed him to move his hand and fingers one by one, and told him he was moving his middle finger perfectly and that he could close his four fingers and his thumb over them. On another occasion the judge directed that the record be made to show that plaintiff had two scars; one on the wrist and another on the back of the thumb.

In view of such conflicting evidence and the observation of the trial judge we can not hold that the court erred in finding that the plaintiff's strength is not impaired, that he is not disabled and that he suffers only from a relative incapacity in straightening his wrist and thumb, but that their flexion is normal.

The judgment appealed from must be affirmed.